**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **ALICIA STILES,**              ) | |
|                        ) | |
|         **Plaintiff,**      ) | |
|                        ) | |
| **v.**                      ) | |
|                        ) | **Cause No. 1:20-CV-00682** |

**ALICIA STILES,**                )
                               )
        **Plaintiff,**           )
                               )
**v.**                            )
                               )    **Cause No. 1:20-CV-00682**
                               )
**BDO GREEN HAUS LLC,**          )
**BDO GREEN HAUS I LLC,**        )
**BIO DYNAMIC VENTURES**         )
**INDIANA LLC,**                  )
**BIODYNAMIC VENTURES LLC, and** )
**JOHN M. BALES II**              )
                               )
        **Defendants.**          )

### *COMPLAINT and JURY REQUEST*

Comes now the Plaintiff, Alicia Stiles ("Stiles"), by Counsel, Robert F. Hunt and Robert J. Hunt of The Law Office of Robert J. Hunt, LLC, and for her cause of action against the Defendants, BDO Green Haus LLC, BDO Green Haus I LLC, Bio Dynamic Ventures Indiana LLC, Biodynamic Ventures LLC and John M. Bales II, (hereinafter collectively called "BDO"), alleges and says:

### *Overview.*

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*, the Indiana Wage Claim Statute I.C. § 22-2-9 *et. seq.* and the Equal Pay Act provisions of the Fair Labor Standards Act, found at 29 U.S.C. § 206(d). BDO violated the FLSA by failing to pay Stiles the overtime premium required under federal law. BDO also violated Indiana law by failing to timely pay Stiles her earned

wages as required by law. BDO further violated the Equal Pay Act by paying Stiles less than similarly situated male counterparts for equal and/or substantially similar work.

*Parties.*

2.     Stiles is an individual who, at all relevant times, resided in Marion County, Indiana.  She was employed by BDO within the meaning of the FLSA during the three-year period prior to the filing of this Complaint.  At all times hereinafter mentioned, Stiles was an individual employee within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

3.     BDO Green Haus LLC is an Indiana Limited Liability Company doing business in Marion County, Indiana.  BDO Green Haus LLC acted, directly or indirectly, in the interest of an employer with respect to Stiles. BDO  Green Haus LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

4.     BDO Green Haus I LLC is an Indiana Limited Liability Company doing business in Marion County, Indiana.  BDO Green Haus I LLC acted, directly or indirectly, in the interest of an employer with respect to Stiles. BDO  Green Haus  I LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

5.     Bio Dynamic Ventures Indiana LLC is an Indiana Limited Liability Company doing business in Marion County, Indiana.  Bio Dynamic Ventures Indiana LLC acted, directly or indirectly, in the interest of an employer with respect to Stiles. Bio Dynamic Ventures Indiana LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

6.     Biodynamic Ventures LLC is an Indiana Limited Liability Company doing business in Marion County, Indiana.  Biodynamic Ventures LLC acted, directly or

indirectly, in the interest of an employer with respect to Stiles. Biodynamic Ventures LLC is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

7.      John M. Bales II ("Bales") is an individual who resides in Marion County, Indiana.  Bales is or was, at all relevant times, an owner, member and/or officer of BDO Green Haus LLC, BDO Green Haus I LLC, BIO Dynamic Ventures Indiana LLC, and Biodynamic Ventures LLC.   In this capacity, Bales is or was, at all relevant times, involved in the day-to-day business operations of BDO Green Haus LLC, BDO Green Haus I LLC, BIO Dynamic Ventures Indiana LLC, and Biodynamic Ventures LLC. At all relevant times, Bales has or had the authority to sign on corporate checking accounts, including payroll accounts, and the authority to make decisions regarding wage and hour issues, including the overtime wage violations and equal pay act violations alleged in this Complaint.  At all relevant times, Bales acted and had responsibility to act on behalf of, and in the interest of, BDO Green Haus LLC, BDO Green Haus I LLC, BIO Dynamic Ventures Indiana LLC, and Biodynamic Ventures LLC in devising, directing, implementing and supervising the wage practices and policies relating to employees, including the overtime wage and equal pay act violations alleged in this Complaint.  At all relevant times, Bales was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

### *Jurisdiction.*

8.      This Court has jurisdiction over Defendants because Stiles brings claims arising under federal law.  This Court has supplemental jurisdiction over Stiles' Indiana state law claims pursuant to 28 U.S.C. § 1367.

*Venue.*

9.     Venue is appropriate in the Southern District of Indiana pursuant to 28 U.S.C. § 1391.

*FLSA Coverage.*

10.     At all times hereinafter mentioned, BDO has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11.     At all times hereinafter mentioned, BDO has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.

12.     At all times hereinafter mentioned, Stiles was an employee engaged in commerce or in the production of goods for commerce.

*Facts.*

13.     BDO owns and operates a hemp production facility in Marion County, Indiana.

14.     BDO employed Stiles from approximately March 26, 2019 to approximately August 9, 2019, in various jobs.

15.     During her employment, BDO agreed to pay Stiles wages computed on an hourly basis.

16.     Throughout the entirety of her employment, Stiles was paid an hourly rate of $15.00 an hour.

17.     Stiles was involuntarily terminated from her employment with BDO on approximately August 9, 2019.

18.     During her employment with BDO, Stiles regularly worked more than 40 hours per week.

19.     On a regular basis, Stiles was required to work forty hours "on-the-clock" in a single workweek for BDO but then required to clock-out and work significant additional overtime hours "off-the-clock" for BDO in that same workweek.

20.     In certain two-week pay periods, BDO did not pay Stiles the required overtime premium even when Stiles did work hours "on-the-clock" in excess of forty (40) hours in a single workweek.  For example, BDO only paid Stiles the required overtime premium for her hours clocked in excess of eighty (80) in a two-week period, rather than pay Stiles the overtime premium for hours Stiles clocked in excess of forty (40) in a single workweek.

21.     Stiles was not exempt from the overtime provisions of the FLSA.

22.     At the time Stile's employment with BDO ended, Stiles was owed, but has not received, payment of her earned wages, including appropriate overtime compensation.

23.     At the time Stiles' employment ended, Stiles was owed payment of wages for time worked for BDO. Specifically, BDO failed to pay Stiles any of her earned wages for hours Stiles was required to worked "off-the-clock."

24.     BDO knew or had reason to know that Stiles performed work "off-the-clock" and for which she was not being properly compensated.

25.     BDO has refused to pay Stiles her wages earned for all of the weeks of her employment at the required rates.

26.     By refusing to pay Stiles her earned wages, BDO did not pay Stiles the wages required by the FLSA.

27.     By refusing to pay Stiles all her earned wages for her period of employment, BDO has failed to timely pay Stiles her earned wages in accordance with Indiana law.

28.     During the period of her employment with BDO, Stiles was compensated at a rate less than the rates of pay of her male counterparts for performing the same work, in violation of the Equal Pay Act provisions of the FLSA.

### Count I: Failure to Pay Wages in
### Accordance with the FAIR LABOR STANDARDS ACT.

29.     Stiles hereby incorporates by reference Paragraphs 1 – 28 of this Complaint.

30.     During the relevant time period, BDO has violated the provisions of 29 U.S.C. §207 by failing to comply with the overtime payment requirements of the FLSA.

31.     BDO has acted intentionally, willfully, or with reckless disregard to the rights of Stiles as protected by the FLSA.

### Count II: Failure to Pay Wages in
### Accordance with INDIANA CODE §§22-2-9 *et. seq.*

32.     Stiles hereby incorporates by reference Paragraphs 1 – 31 of this Complaint.

32.     During the relevant time period, BDO has violated and is violating provisions of Indiana Code §§22-2-9 *et. seq.* by failing to timely pay Stiles' wages.

33.     BDO's refusal to timely pay Stiles her earned wages was in bad faith.

**Count III:  Violation of the EQUAL PAY ACT.**

34.     Stiles incorporates herein by reference paragraphs 1 through 33 above of this Complaint.

35.     BDO is an "enterprise" as that term is defined by the Fair Labor Standards Act, covered by the Equal Pay Act provisions of the Fair Labor Standards Act, at 29 U.S.C. § 206(d).  See 29 U.S.C. § 203(s)(1).  Further, BDO is an "employer" as that term is defined under the FLSA at 29 U.S.C. § 203(d).

36.     By paying Stiles less than similarly situated male counterparts for equal and/or substantially similar work, BDO has discriminated against Stiles in pay on the basis of her gender.  Doing so is a violation of the Equal Pay Act provisions of the Fair Labor Standards Act.

37.      BDO's failure to comply with the FLSA's Equal Pay Act provisions is willful and without justification.

38.      Stiles seeks all available damages, including unpaid wages, underpaid wages, liquidated damages, injunctive relief, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which she may be entitled for BDO's violations of the Equal Pay Act provisions of the Fair Labor Standards Act.

**Prayer for Relief.**

WHEREFORE, Stiles demands judgment against the Defendants, , BDO Green Haus LLC, BDO Green Haus I LLC, Bio Dynamic Ventures Indiana LLC, Biodynamic

Ventures LLC and John M. Bales II, for all available damages and an award of relief as follows:

a.      Unpaid back wages due to Stiles under the FLSA, in addition to liquidated damages equal in amount to the unpaid compensation due to Stiles;

b.      Pursuant to I.C. §§ 22-2-9 *et. seq.* all unpaid earned wages due to Stiles, plus liquidated damages double in amount of the unpaid wages found due to Stiles;

c.      All available damages and equitable relief, including, but not limited to, all back pay and benefits, all front pay and benefits, compensatory damages, unpaid or underpaid wages and benefits, liquidated damages necessary to remedy BDO's violation of Stiles' rights under the Equal Pay Act, 29 U.S.C. § 206(d);

d.      Any available pre-judgment interest;

e.      The costs of this action;

f.      An award of Stiles' reasonable attorney's fees;

g.      All of such other and further relief as may be necessary and appropriate.

The Law Office of Robert J. Hunt, LLC

/s/Robert F. Hunt
Robert F. Hunt, (#7889-84)

/s/Robert J. Hunt
Robert J. Hunt (#30686-49)

1905 South New Market Street, Suite 220
Carmel, Indiana 46032
Telephone:   (317) 743-0614
Facsimile:   (317) 743-0615

Attorneys for Plaintiff

**Jury Request**

The Plaintiff requests that all of the issues presented by the Complaint be tried to a jury of her peers.

s/ Robert J. Hunt